CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

JUN 2 3 2023

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:14-cr-00020 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| CLARENCE EDWARD HAWKINS, ) | Chief United States District Judge |
| Defendant-Petitioner ) | |

## MEMORANDUM OPINION

Pending is Clarence Edward Hawkins' third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed on October 12, 2021. ECF No. 391. On July 23, 2020, the court denied without prejudice Hawkins' first motion for compassionate release because he had not exhausted his administrative remedies. ECF No. 356. The court denied Hawkins' second motion on May 10, 2021, because Hawkins had declined the COVID-19 vaccine when it was offered to him. ECF No. 389. Hawkins has now been vaccinated but argues that his medical conditions continue to make him susceptible to severe illness from COVID-19.

On May 18, 2022, the court ordered additional evidence and briefing regarding Hawkins' diagnosis of end-stage renal disease (ESRD). ECF No. 392. On June 1, 2022, Hawkins complied with the order and provided additional evidence and a renewed motion for compassionate release. ECF No. 394. On July 15, 2022, the government responded in opposition to Hawkins' renewed motion for compassionate release and provided additional medical evidence. ECF No. 399. On May 30, 2023, the court ordered the parties to update Hawkins' medical records and on June 2, 2023, the government filed updated records. ECF

No. 409. Having considered the pleadings and evidence submitted, the court **DENIES** Hawkins' motions for compassionate release.

## I.

On February 2, 2015, Hawkins pled guilty to one count of conspiracy to possess with the intent to distribute and distribution of five kilograms of cocaine base, one count of distribution of cocaine base, and one count of possession with the intent to distribute cocaine base. ECF No. 185. On July 20, 2015, Hawkins was sentenced to a 216-month term of incarceration. J., ECF No. 245. Hawkins currently is housed at Federal Medical Center, Devens, and has a projected release date of June 8, 2028.[1]

Hawkins seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Hawkins initially refused the COVID-19 vaccine but has since been fully vaccinated. ECF No. 394-1 at 1. Hawkins also has ESRD and received a kidney transplant in December 2022. Medical Rs., ECF No. 409-2 at 54. He argues that the ESRD, in and of itself, is an "extraordinary and compelling" reason for compassionate release.

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Clarence Edward Hawkins) (last viewed June 7, 2023).

> to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Hawkins' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

It is now uncontested that Hawkins has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Resp., ECF No. 399 at 6. Accordingly, the court finds that Hawkins has satisfied the statute's exhaustion requirements.

The court must next consider if it should reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application note states that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

3

## A.

During the COVID-19 pandemic, this court found extraordinary and compelling reasons for compassionate release when an inmate showed both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility. Regarding ESRD, some courts in the Fourth Circuit have found that COVID-19 coupled with ESRD is an extraordinary and compelling reason to grant compassionate release because ESRD results in a depressed immune system. See, e.g., United States v. Vick, No. 5:12-CR-75-D, 2021 WL 1148950, at *3 (E.D.N.C. Mar. 25, 2021); United States v. Crawford, No. GJH-15-322, 2021 WL 119106, at *4 (D. Md. Jan. 13, 2021); United States v. McCoy, No. 5:12-CR-151-1H, 2020 WL 7338070, at *3 (E.D.N.C.); and United States v. Williams, No. 1:13-CR-370-4, 2020 WL5097490, at *3-4 (M.D.N.C. Aug. 28, 2020). However, none of those cases discuss the effect of the vaccine on the inmates' susceptibility to COVID-19 and three of the cases, Crawford, McCoy, and Williams, were decided before vaccines became widely available. Currently, more than three years after the pandemic began, studies from the Centers for Disease Control and Prevention show that the "COVID-19 vaccines are effective at "protecting people from getting seriously ill, being hospitalized, and dying."[2]

Hawkins also has been diagnosed with type II diabetes and high blood pressure, both of which can increase susceptibility to becoming seriously ill if a person contracts COVID-19.[3] Nevertheless, because Hawkins has now been fully vaccinated, he has a reduced risk of

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html (updated June 7, 2023).
[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 11, 2023).

becoming seriously ill if he does contract COVID-19.[4] The court further notes that as of June 6, 2023, Federal Medical Center, Devens, where Hawkins is housed, had zero inmates with COVID-19.[5] The lack of COVID-19 at the facility combined with Hawkins' vaccination status supports the conclusion that Hawkins is not at particular risk for contracting COVID-19. See United States v. Barcliff, No. 2:14-cr-00003, 2023 WL 3066140, at *3 (S.D.W.V. Apr. 24, 2023) (finding that even if inmate's obesity might increase his risk of experiencing serious illness should he contract COVID-19, he could not show a particularized risk when there were zero cases of COVID-19 at his facility); United States v. Trapp, No. 1:19CR54-1, 2023 WL 2978941 at *3 (N.D.W.V. Apr. 17, 2023) (concluding that even though inmate had risk factors of diabetes and hypertension, his conditions were well-treated and there were zero cases of COVID-19 at his facility, making his risk of exposure negligible); United States v. Stewart, No. 3:15cr13, 2022 WL 2070616, at *3 (E.D. Va. June 8, 2022) (finding that the combination of the effectiveness of the vaccine, the high rate of vaccination at inmate's facility, and low number of active COVID-19 cases at facility indicated inmate was not at particularized risk for contracting COVID-19).

Indeed, according to medical records from the Bureau of Prisons, Hawkins was diagnosed with COVID-19 in December 2020, prior to being vaccinated, but appeared to have mild symptoms and has not reported any long-lasting effects or complications. Medical Rs., ECF No. 384-1. Hawkins also tested positive for COVID-19 two weeks after his transplant surgery but did suffer severe symptoms. Medical Rs., ECF No. 409-18 at 58–60; ECF No.

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html (updated June 7, 2023).
[5] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed June 6, 2023).

409-1 at 5. Because the vaccine has proven to be effective against COVID-19 and to reduce hospitalizations and deaths of people who nevertheless become infected with COVID-19, and because there are currently no cases of COVID-19 at Hawkins' facility, the court finds that Hawkins cannot show that he has particular susceptibility to COVID-19. Accordingly, his motion for compassionate release based on COVID-19 is **DENIED**.

### B.

Hawkins also argues that his diagnosis of ESRD, in and of itself, is sufficient to find that he is entitled to compassionate release. The commentary to USSG § 1B1.13 provides that an "extraordinary and compelling" reason for compassionate release includes medical conditions of the defendant, such as when he is "suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)." USSG § 1B1.13 cmt. n. 1(A)(i). A probability of death within a specific time period is not required. Id. Examples of terminal illnesses include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. Id. Hawkins avers that his ESRD qualifies as a terminal illness entitling him to compassionate release.

ESRD is the final permanent stage of chronic kidney disease where kidney function has declined to the point where kidneys can no longer function on their own. A person with ESRD must receive dialysis or a kidney transplant in order to survive for more than a few weeks. Kidney transplants have high rates of success and are the preferred treatment for people who are eligible.[6]

---

[6] https://www.hopkinsmedicine.org/health/conditions-and-diseases/end-stage-renal-failure (last viewed June 7, 2023).

In United States v. Jameel, No. 2:13cr098 (RCY), 2021 WL 1784626, at *5 (E.D. Va. May 5, 2021), the court denied compassionate release to an inmate with ESRD among other ailments because there was "no indication that these serious medical conditions [were] not being properly addressed and treated within the BOP." Similarly, in United States v. Goode, No. 14 CR 810-07(CM), 2020 WL 58272, at *6 ( S.D.N.Y. Jan. 6, 2020), (internal citations omitted), the court found that "While it is true that Goode has what can be described as a 'terminal illness' in the sense that her kidney disease is unlikely to be fully cured, her disease is treatable, she is responding well to that treatment, and she does not have an 'end of life trajectory.'" But in United States v. Saucedo, No. 10-30010, 2021 WL 3264410, at *4 (C.D. Ill. July 30, 2021), the court determined that the petitioner's ESRD along with his other medical conditions provided extraordinary and compelling reasons for his immediate release.

> The Court concludes that Defendant's End Stage Renal Disease along with other medical conditions provide extraordinary and compelling reasons for his immediate release. If Saucedo has been on dialysis for approximately 18 months, he would have an average life expectancy of 3.5 to 8.5 years, based on the 5 to 10 year life expectancy for individuals on dialysis. The Defendant has presented evidence that a kidney transplant could extend that average life expectancy. It is extremely unlikely that he could receive a kidney transplant while in BOP custody. If, per BOP policy, compassionate release were granted only when it is determined that Defendant's life expectancy is 18 months or less, it may well be too late for Saucedo, given the amount of time it would take to find an appropriate match.

Id., 2021 WL 3264410, at *4.

Also, this court, in United States v. Holloway, No. 5:09-cr-30, 2021 WL 4710819 (W.D. Va. Oct. 8, 2021), granted compassionate release to an inmate with Stage V chronic kidney disease, who had diagnoses of type 2 diabetes, congestive heart failure, and high blood

7

pressure. Holloway was confined to a wheelchair and was fully dependent on supplemental oxygen. Despite being vaccinated against COVID-19, Holloway had contracted the virus and was hospitalized twice because of respiratory failure. Id. at *3. In addition, at the time the court considered his motion for compassionate release, Holloway had served 94 percent of 15-year sentence and was eligible for release to home confinement within two months. Id. at *1. See also United States v. Mumford, 544 F.Supp.3d 615, 617–18 (E.D. Va. 2021) (granting compassionate release where inmate was diagnosed with ESRD, type I diabetes, and hypertension, needed dialysis three times per week, and had an end-of-life trajectory of five to ten years); and United States v. Cotinola, 487 F. Supp.3d 1132, 1136 (D.N.M. 2020) (granting compassionate release to inmate suffering from ESRD who was dependent on dialysis three days per week, daily administration of as many as 14 medications, and regular lab work and consultations to manage his condition).

Hawkins received a kidney transplant on December 2, 2022 at Beth Israel Deaconess Medical Center in Massachusetts and was discharged back to the prison on December 14, 2022. He reported that he was "doing ok" and was noted to be in good spirits and ambulating independently. Medical Rs., ECF No. 409-2 at 21. On December 22, 2022, Hawkins returned to the hospital following concerns about his renal function labs in the setting of medication non-compliance. Medical Rs., ECF No. 409-1 at 65. He again was discharged to the prison on December 27, 2022, with a recommendation that he receive his medications via the prison pill line because of his "inability to safely and reliably self-administer" his medication. Medical Rs., ECF No. 409-1 at 58–59; ECF No. 409-2 at 35. In the discharge notes, Hawkins was described as being independent in his activities of daily living. Medical Rs., ECF No. 409-18 at 30.

On January 13, 2023, Hawkins had a telemedicine visit with the transplant nephrologist at the hospital. Hawkins reported that he was doing well except for occasional hand tremors but denied any acute medical concerns. Medical Rs., ECF No. 409-1 at 5. His physical examination was generally normal. Id. at 6. On February 7, 2023, it was noted that Hawkins' renal function was improving slowly. His blood pressure was near the goal and no medication change was recommended. Medical Rs., ECF No. 407-17 at 82. The transplant nephrologist commented that Hawkins' exam, labs, and imaging were reviewed for maintenance of allograft function, prevention of rejection, therapeutic drug management, and monitoring and treating associated co-morbidities. She added that the transplant team would continue to monitor for the listed conditions. Id. at 83.

In this case, Hawkins appears to be adjusting well after his transplant. He is being monitored by the transplant team as well as medical staff at his facility. He is independent in his activities of daily living and no longer needs dialysis. Medical Rs., ECF No. 409-2 at 13. Nothing in the medical records indicates that Hawkins is not receiving appropriate treatment for his medical conditions. In addition, unlike Holloway who had served the vast majority of his sentence and was due to be released to home confinement, Hawkins has a little more than 25 percent of his sentence, or approximately five years, left to serve.

The court is sympathetic to Hawkins' serious medical condition. However, it appears that he is receiving high-quality medical care and is being monitored for complications that might arise following the kidney transplant. The medical records indicate he is able to care for himself with the exception of maintaining his medication schedule and he is receiving assistance with that task by obtaining his medications from the pill line at the prison. For these

reasons, Hawkins has not demonstrated that there are "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A) and the court must **DENY** his motion. Because the court finds that Hawkins has not presented "extraordinary and compelling reasons" to warrant a reduction in his sentence, it will not assess the § 3553(a) factors.

### III.

For the reasons stated herein, the court **DENIES** Hawkins' motions for compassionate release, ECF Nos. 391, 394. The clerk is directed to send a copy of this opinion and accompanying order to the petitioner, his counsel of record, and the United States.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 23, 2023

Michael F. Urbanski
Chief United States District Judge